## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| EMILY ANN NELSON, | |
|         Plaintiff, | |
| v. | Case No.: 24-cv-2067 |
| MAXIMUMUS EDUCATION, LLC d/b/a AIDVANTAGE, WELLS FARGO BANK, NATIONAL ASSOCIATION d/b/a/ WELLS FARGO EDUCATION FINANCIAL SERVICES, CAPITAL ONE FINANCIAL CORPORATION, JPMORGAN CHASE BANK, N.A., and SPRING OAKS CAPITAL LLC | |
|         Defendants. | |

## SPRING OAKS CAPITAL, LLC'S ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COMES Defendant Spring Oaks Capital, LLC ("Spring Oaks") by and through its counsel and answers Plaintiff's Complaint. Spring Oaks denies each and every allegation, matter, and thing set forth in the Complaint unless hereinafter expressly admitted, qualified, or otherwise answered. As to the specific allegations, Spring Oaks states as follows:

### INTRODUCTION

1.    Spring Oaks denies the allegations in Paragraph 1 that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### JURISDICTION

2.    The statement contained in Paragraph 2 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 2 is construed to contain any factual allegation directed against it, any such allegation is denied.

1

3.     The statement contained in Paragraph 3 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 3 is construed to contain any factual allegation directed against it, any such allegation is denied.

## PARTIES

4.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 4, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 4 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

5.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 5, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 5 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

6.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 6, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 6 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

7.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 7, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 7 also states a legal conclusion to which Spring Oaks is under no known

obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

8.      Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 8, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 8 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

9.      As for its answer to the allegations in Paragraph 9, Spring Oaks denies that it is incorporated under the laws of the State of Washington.  Spring Oaks is a limited liability company organized in Delaware, its principal place of business is in Virginia and it is licensed to do business in the State of Minnesota.  Spring Oaks admits only that it engages in the business of collecting debts through lawful means.  The allegation that Spring Oaks is a "furnisher" is a legal conclusion to which no response is required.

## PURPOSE OF THE FAIR CREDIT REPORTING ACT

10.      The statement contained in Paragraph 10 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 10 is construed to contain any factual allegation directed against it, any such allegation is denied.

11.      The statement contained in Paragraph 11 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.  To the extent that any response is required on the part of

Spring Oaks and to the extent Paragraph 11 is construed to contain any factual allegation directed against it, any such allegation is denied.

12.    The statement contained in Paragraph 12 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 12 is construed to contain any factual allegation directed against it, any such allegation is denied.

13.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 13, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

14.    The statement contained in Paragraph 14 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.

15.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 15, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

16.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 16, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

17.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 17, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Spring Oaks admits only that it lawfully reports accurate consumer information to

TransUnion only and that it uses Metro2.  Spring Oaks denies that it uses "coded tapes" or reports information to TransUnion only on a "monthly basis."

18.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 18, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

19.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 19, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

20.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 20, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

21.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 21, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

22.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 22, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

23.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 23, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

24.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 24, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

25.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 25, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

26.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 26, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

27.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 27, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

28.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 28, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

29.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 29, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

30.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 30, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  To the extent that any of the allegations relate to Spring Oaks, any such allegation is denied.

31.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 31, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  To the extent that any of the allegations relate to Spring Oaks, any such allegation is denied.

6

32.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 32, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

33.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 33, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

34.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 34, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

35.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 35, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 35 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

36.     The statement contained in Paragraph 36 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 36 is construed to contain any factual allegation directed against it, any such allegation is denied.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

37.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 37, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 37 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

38.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 38, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 38 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied. The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

39.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 39, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 39 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

40.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 40, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 40 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any

such allegation is denied. The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

41.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 41, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 41 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

42.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 42, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 42 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied. The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

43.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 43, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 43 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied. The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

44.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 44, and therefore denies the same and puts Plaintiff to the strictest proof thereof. The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

45.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 45, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

46.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 46, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

47.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 47, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

48.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 48, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

49.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 49, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

**FACTUAL ALLEGATIONS**

50.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 50, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

51.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 51, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

52.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 52, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

53.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 53, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

54.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 54, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

55.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 55, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

**Experian Disputes**

56.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 56, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 56 also states a legal conclusion to which Spring Oaks is under no known

obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

57.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 57, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 57 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

*Defendant Capital One*

58.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 58, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

59.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 59, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 59 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

60.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 60, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

61.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 61, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 61 also states a legal conclusion to which Spring Oaks is under no known

obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

62.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 62, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

63.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 63, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 63 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

64.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 64, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 64 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

65.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 65, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 65 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

*Defendant Chase*

66.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 66, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

67.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 67, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 67 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

68.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 68, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

69.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 69, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 69 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

70.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 70, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

71.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 71, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 71 also states a legal conclusion to which Spring Oaks is under no known

obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

72.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 72, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 72 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

73.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 73, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 73 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

*Defendant WF EFS*

74.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 74, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

75.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 75, and therefore denies the same and puts Plaintiff to the strictest proof thereof. Paragraph 75 also states a legal conclusion to which Spring Oaks is under no known obligation to respond. To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

76.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 76, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

77.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 77, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 77 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

78.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 78, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

79.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 79, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 79 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

80.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 80, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 80 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

81.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 81, and therefore denies the same and puts Plaintiff to the strictest proof

thereof.  Paragraph 81 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

*Defendant Aidvantage*

82.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 82, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

83.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 83, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 83 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

84.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 84, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

85.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 85, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 85 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

86.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 86, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

87.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 87, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 87 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

88.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 88, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 88 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

89.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 89, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 89 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

**TransUnion Disputes**

90.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 90, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

91.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 91, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

92.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 92 to the extent they concern other parties, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Spring Oaks denies the allegations in Paragraph 92 as they relate to Spring Oaks.

93.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 93, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

94.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 94, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 94 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

95.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 95, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

96.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 96, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 96 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

97.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 97, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

98.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 98, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 98 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

99.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 99, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 99 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

100.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 100, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 100 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

*Defendant Spring Oaks*

101.     In response to the allegations in Paragraph 101 of the Complaint, Spring Oaks admits only that TransUnion communicated dispute information regarding Plaintiff's account.  The allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

102.     In response to the allegations in Paragraph 102 of the Complaint, Spring Oaks admits only that TransUnion communicated dispute information regarding Plaintiff's account.  The

allegations in this paragraph also concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.

103.    The allegations in Paragraph 103 concern a written document and Spring Oaks denies the allegations to the extent inconsistent with the written document.    Spring Oaks specifically denies that it "erroneously responded and verified to TransUnion" any consumer information and puts Plaintiff to her strictest burden of proof.

104.    Spring Oaks denies the allegations in Paragraph 104.

105.    Spring Oaks denies the allegations in Paragraph 105.

106.    Spring Oaks denies the allegations in Paragraph 106.

107.    Spring Oaks denies the allegations in Paragraph 107.

108.    Spring Oaks denies the allegations in Paragraph 108.

*Defendant WF EFS*

109.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 109, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

110.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 110, and therefore denies the same and puts Plaintiff to the strictest proof thereof.    Paragraph 110 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.    To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

111.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 111, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

112.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 112, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 112 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

113.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 113, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

114.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 114, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 114 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

115.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 115, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 115 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

116.     Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 116, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 116 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

**Inconsistent Dispute Results**

117.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 117, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

118.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 118, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

119.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 119, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

120.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 120, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

121.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 121, and therefore denies the same and puts Plaintiff to the strictest proof thereof.

122.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 122, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 122 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

123.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 123, and therefore denies the same and puts Plaintiff to the strictest proof

thereof.  Paragraph 123 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

124.    Spring Oaks lacks specific knowledge or information to determine the truth of the allegations in Paragraph 124, and therefore denies the same and puts Plaintiff to the strictest proof thereof.  Paragraph 124 also states a legal conclusion to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks, any such allegation is denied.

## PLAINTIFF'S DAMAGES

125.    To the extent the allegations in Paragraph 125 are directed against Spring Oaks, Spring Oaks denies the allegations.

126.    To the extent the allegations in Paragraph 126 are directed against Spring Oaks, Spring Oaks denies the allegations.

## RESPONDEAT SUPERIOR LIABILITY

127.    To the extent the allegations in Paragraph 127 are directed against Spring Oaks, Spring Oaks denies the allegations.

128.    To the extent the allegations in Paragraph 128 are directed against Spring Oaks, Spring Oaks denies the allegations.

129.    To the extent the allegations in Paragraph 129 are directed against Spring Oaks, Spring Oaks denies the allegations.

130.    To the extent the allegations in Paragraph 130 are directed against Spring Oaks, Spring Oaks denies the allegations.

## STANDING

131.    The statement contained in Paragraph 131 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 131 is construed to contain any factual allegation directed against it, any such allegation is denied.

132.    The statement contained in Paragraph 132 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 132 is construed to contain any factual allegation directed against it, any such allegation is denied.

*The "Injury in Fact" Prong*

133.    The statement contained in Paragraph 133 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 133 is construed to contain any factual allegation directed against it, any such allegation is denied.

134.    The statement contained in Paragraph 134 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 134 is construed to contain any factual allegation directed against it, any such allegation is denied.

135.    The statement contained in Paragraph 135 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 135 is construed to contain any factual allegation directed against it, any such allegation is denied.

*The "Traceable to the Conduct of Defendants" Prong*

136.    The statement contained in Paragraph 136 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 136 is construed to contain any factual allegation directed against it, any such allegation is denied.

137.    The statement contained in Paragraph 137 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 137 is construed to contain any factual allegation directed against it, any such allegation is denied.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

138.    The statement contained in Paragraph 138 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 138 is construed to contain any factual allegation directed against it, any such allegation is denied.

139.    The statement contained in Paragraph 139 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 139 is construed to contain any factual allegation directed against it, any such allegation is denied.

140.    The statement contained in Paragraph 140 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 140 is construed to contain any factual allegation directed against it, any such allegation is denied.

141.    The statement contained in Paragraph 141 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any

response is required on the part of Spring Oaks and to the extent Paragraph 141 is construed to contain any factual allegation directed against it, any such allegation is denied.

## TRIAL BY JURY

142.    The statement contained in Paragraph 142 of the Complaint relates to legal conclusions to which Spring Oaks is under no known obligation to respond.  To the extent that any response is required on the part of Spring Oaks and to the extent Paragraph 142 is construed to contain any factual allegation directed against it, any such allegation is denied.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 *et seq*.

## AGAINST ALL DEFENDANTS

143.    As for Spring Oak's answer to Paragraph 143, Spring Oaks incorporates by reference its answers to the above paragraphs as though fully set forth herein.

144.    Spring Oaks denies the allegations in Paragraph 144 of Plaintiff's Complaint to the extent they relate to Spring Oaks.

145.    Spring Oaks denies the allegations in Paragraph 145 of Plaintiff's Complaint to the extent they relate to Spring Oaks.

146.    Spring Oaks denies the allegations in Paragraph 146 of Plaintiff's Complaint to the extent they relate to Spring Oaks.

147.    Spring Oaks denies the allegations in Paragraph 147 of Plaintiff's Complaint to the extent they relate to Spring Oaks.

148.    Spring Oaks denies the allegations in Paragraph 148 of Plaintiff's Complaint to the extent they relate to Spring Oaks.

## **AFFIRMATIVE DEFENSES**

NOW COMES Spring Oaks Capital, LLC ("Spring Oaks") by and through its counsel and asserts the following affirmative defenses:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Spring Oaks upon which relief may be granted.

### SECOND DEFENSE

Plaintiff lacks standing, including, among other reasons, because Plaintiff has not suffered an invasion of a legally protected interest or injury that is concrete and particularized and actual or imminent, as opposed to conjectural or hypothetical.

### THIRD DEFENSE

To the extent that any of Plaintiff's claims are based on conduct occurring beyond the applicable statute of limitations or violate the doctrine of laches, such claims are time-barred.

### FOURTH DEFENSE

Spring Oaks denies the injuries and damages allegedly sustained by Plaintiff resulted from any action or inaction of Spring Oaks.  Specifically, Spring Oaks alleges that it provided accurate information to TransUnion and that any inaccurate credit reporting may have been the result of an incorrect merger of the information that was accurately provided by Spring Oaks, and over which Spring Oaks had no control.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages.

## SIXTH DEFENSE

Plaintiff's claims fail to the extent Plaintiff's purported damages, which Spring Oaks continues to deny, were the direct and proximate result of the conduct of Plaintiff or others. Plaintiff's claims are barred, in whole or in part, to the extent the Plaintiff's damages, if any, were caused by Plaintiff's own acts, omissions, or negligence, or other acts or omissions of third parties other than Spring Oaks.

## SEVENTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring Plaintiff to submit Plaintiff's claims to mandatory and binding arbitration. If so, Spring Oaks may exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

**WHEREFORE**, Spring Oaks respectfully requests that Plaintiff's Complaint be denied in its entirety, judgment be entered in its favor, dismissal of Plaintiff's Complaint with prejudice, and award the Spring Oaks any such other relief as the Court deems just and proper.

Dated: July 25, 2024

*/s/ John K. Rossman*
John K. Rossman, MN #0244831
Benjamin J. Kirk, MN #0393192
ROSSMAN ATTORNEY GROUP, PLLC
P.O. Box 24140
Edina, MN 55424
Telephone: (612) 439-5551
John.rossman@rossmanattorneygroup.com
Benjamin.kirk@rossmanattorneygroup.com
**ATTORNEYS FOR DEFENDANT**
**SPRING OAKS CAPITAL, LLC**