UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 24-cv-2067 PJS/TNL

| | |
|---|---|
| Emily Ann Nelson,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Maximus Education, LLC d/b/a Aidvantage, Wells Fargo Bank, National Association d/b/a Wells Fargo Education Financial Services, JPMorgan Chase Bank, N.A, and Spring Oaks Capital LLC,<br><br>　　　　　　Defendants. | JOINT RULE 26(f) REPORT |

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on October 10, 2024, and prepared the following report.

The pretrial conference in this matter is scheduled for October 21, 2024, at 9:00 a.m. via Telephone or Video Conference before the United States Magistrate Judge Tony N. Leung.

**1.　Date and Place of the Meeting; Identification of the Parties and Their Attorneys: Agenda of Matters for Pretrial Conference.**

　　a.　The date and place at which the meeting was held;

**The parties conferred by Teams and via email on October 10, 2024.**

　　b.　Name, address, and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

ATTORNEYS FOR PLAINTIFF:
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
CONSUMER JUSTICE CENTER, P.A.

1

367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

ATTORNEYS FOR DEFENDANT MAXIMUS EDUCATION, LLC D/B/A AIDVANTAGE:
Natalia S. Kruse, 0504307
HUSCH BLACKWELL LLP
80 South Eight Street, Suite 2800
Minneapolis, MN 55402
612.852.2700
612.852.2701 (fax)
Natalia.Kruse@huschblackwell.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION D/B/A WELLS FARGO EDUCATION FINANCIAL SERVICES:
Addison J. Morgan, ID #0401873
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
E-mail: addison.morgan@troutman.com

ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A:
Daniel N. Moak (#347474)
Adam G. Chandler (#397408)
TAFT STETTINIUS & HOLLISTER, LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
DMoak@taftlaw.com
AChandler@taftlaw.com

ATTORNEYS FOR DEFENDANT SPRING OAKS CAPITAL LLC:
John K. Rossman, MN #0244831
Benjamin J. Kirk, MN #0393192
Trevor S. Johnson, MN #0400849

ROSSMAN ATTORNEY GROUP, PLLC
P.O. Box 24140
Edina, MN 55424
Telephone: (612) 439-5551
John.rossman@rossmanattorneygroup.com
Benjamin.kirk@rossmanattorneygroup.com
Trevor.Johnson@rossmanattorneygroup.com

      c.    Name of insurance carriers that may be liable for the defense or payment of any damage award; and

**DEFENDANT MAXIMUS EDUCATION, LLC D/B/A AIDVANTAGE: None known at this time.**

**DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION D/B/A WELLS FARGO EDUCATION FINANCIAL SERVICES: None.**

**DEFENDANT JPMORGAN CHASE BANK, N.A: Not Applicable.**

**DEFENDANT SPRING OAKS CAPITAL LLC: None**

      d.    An agenda of matters to be discussed at the Pretrial Conference.

- **Amended Complaint / adding credit reporting agencies**
- **Need for Protective Order**
- **Early Settlement Conference**

    **2.**    **Description of the Case**

      a.    A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

**Plaintiff alleges claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and therefore alleges that the jurisdiction of this Court arises under 28 U.S.C. § 1331 (Federal Question).**

      b.    A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses;

**PLAINTIFF:** Plaintiff brings claims to recover damages arising from Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* resulting from the Defendants' failures to conduct reasonable investigations into Plaintiff's disputes regarding the inaccurate information and accounts appearing on her credit profile.

3

**DEFENDANT MAXIMUS EDUCATION, LLC D/B/A AIDVANTAGE:** Defendant Maximus Education, LLC d/b/a Aidvantage ("Aidvantage") is a servicer of federal student loans. Plaintiff's claims relating to ID theft and/or fraud are preempted by 20 U.S.C. §1087(c) of the Higher Education Act which governs fraud discharges and disputes relating to federal student loans. Even if Plaintiff could proceed with her claims, which she cannot, Aidvantage conducted reasonable investigations of the disputed information, reviewed the information received from the credit reporting agencies, and otherwise complied with 15 U.S.C. § 1681s-2(b). In addition, Plaintiff cannot sufficiently allege any harm arising from the allegedly inaccurate reporting because negative reporting on federal student loans has remained paused during the relevant time frame.

**DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION D/B/A WELLS FARGO EDUCATION FINANCIAL SERVICES:** Wells Fargo denies that it furnished any inaccurate information to any consumer reporting agency, denies that it failed to conduct a reasonable investigation in violation of 15 U.S.C. §1681s-2, and denies that Plaintiff has suffered any damages as a result of any action taken by Wells Fargo.

**DEFENDANT JPMORGAN CHASE BANK, N.A:** JPMorgan Chase Bank, N.A. ("Chase") disputes that it engaged in any purported wrongdoing or violation of law as alleged in Plaintiff's Complaint. Additionally, Chase contends that Plaintiff has not been harmed by Chase's purported conduct and that Chase is not liable to Plaintiff for any relief sought.

**DEFENDANT SPRING OAKS CAPITAL LLC:** Spring Oaks Capital, LLC ("Spring Oaks") furnished information about a different consumer with a name similar to Plaintiff, but a different social security number, to a credit reporting agency. The credit reporting agency mismerged the files and added the information about the other consumer to Plaintiff's credit report. Spring Oaks has no liability in this matter. Further, Plaintiff has no standing because Plaintiff could not possibly have suffered any damages due to Spring Oaks reporting data regarding a consumer other than Plaintiff. Spring Oaks has obtained, and disclosed to all parties, a declaration from the credit reporting agency stating these facts. In light of Plaintiff's refusal to dismiss the claims against it, Spring Oaks will seek dismissal of these claims.

   c. A summary itemization of the dollar amount of each element of the alleged damages.

**Plaintiff has prayed for the following damages against Defendants to be determined by a jury: actual damages for emotional distress in an amount not less than $25,000, statutory and/or punitive damages in an amount not less than $100,000, all against**

4

**Defendants' for violations of the FCRA, pursuant to 15 U.S.C §§ 1681n and 1681o.**

 3. <u>Pleadings</u>

  a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

**Plaintiff's Complaint and Defendants' Answers have been filed. Plaintiff intends to file an Amended Complaint adding additional parties, namely the credit reporting agencies Trans Union and Experian.**

  b. The date by which all motions that seek to amend the pleadings to add parties, claims, and defenses will be filed;

**The parties propose that all motions seeking to amend the pleadings be filed no later than January 15, 2025.**

  c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**Plaintiff has demanded a jury trial and asserts that a jury trial is available under the law.**

 4. <u>Discovery Plan</u>

(If the parties are unable to agree on a discovery plan, the Report shall separately set forth each party's proposed plan.) Such a plan shall include such matters as focusing the initial discovery on preliminary issues that might be case dispositive or might lead to early settlement discussions, instituting document control mechanisms, stipulating facts to eliminate unnecessary discovery, and any other matters counsel may agree upon to control litigation costs and delay.

  a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations, and insurance will be completed (if not already completed);

**November 4, 2024.**

  b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

**The parties wish to discuss potential settlement conference dates at the Pretrial Conference. The parties have expressed their mutual interest in a settlement**

5

**conference with the Magistrate Judge, ideally in February 2025.**

  c. Whether discovery should be conducted in phases or limited to, or focused upon, particular issues;

**The parties do not believe discovery should be conducted in phases.**

  d. The date by which each party discloses the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

**Plaintiff's expert witnesses, their identity and the subject matter proposed for each expert will be disclosed and the reports due by July 1, 2025.**

**Defendants' expert witnesses, their identity and the subject matter proposed for each expert will be disclosed and the reports due by September 2, 2025.**

**Any rebuttal expert witnesses will be disclosed and the reports due by October 1, 2025.**

  e. The number of interrogatories each party shall be permitted to serve;

**The parties have determined that each party shall be permitted to serve a total of twenty-five (25) interrogatories on any other party, absent agreement of parties or leave of Court upon good cause shown.**

  f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

**The parties propose no more than 10 depositions by each party (including expert witnesses), absent agreement of parties or leave of Court upon good cause shown.**

  g. The number of expert depositions each party shall be permitted to take;

**The parties agree that all experts disclosed may be deposed once in accordance with the Federal Rules of Civil Procedure.**

  h. A mechanism and date by which the parties shall meet, confer and stipulate to search terms and any other unique electronic discovery issues, as appropriate.

**The parties have discussed ESI discovery and do not anticipate this to be a large document case. To the extent that documents are available in electronic format,**

**documents produced electronically must be in PDF format, unless otherwise mutually agreed. If PDF format is not possible, then the document may be produced in native format. Further, all produced documents and/or electronically stored information shall be Bates labeled in the metadata or lower right corner as appropriate. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer regarding any additional exchange or production that the parties believe is necessary.**

5. **Close of Discovery and Non-Dispositive Motions**

    a. The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

**The parties submit that discovery shall be completed by December 2, 2025, and that non-dispositive motions shall be filed and served by January 15, 2026.**

    b. Whether the parties:

        i. Agree that a party should be required to request an informal conference with the Court before filing a discovery motion;

        ii. Agree that a party should not be required to request an informal conference with the Court before filing a discovery motion; or

        iii. Do not agree on whether a party should be required to request an informal conference with the Court before filing a discovery motion.

**The parties agree that a party should be required to request an informal conference with the Court before filing a discovery motion.**

6. **Dispositive Motions and Trial**

    a. The date by which all dispositive motions shall be served, filed, and heard.

**The parties submit that all dispositive motions shall be served and filed by February 2, 2026, with hearings after that date, subject to the Court's schedule.**

    b. Date by which case will be ready for trial;

**The case will be ready for trial by May 15, 2026, or sixty (60) days after the Court's decision on any dispositive motion.**

      c.      The number of expert witnesses each party expects to call at trial;

**Unknown at this time.**

      d.      Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable).

**The parties estimate that the trial will require no more than two to four days.**

Dated this 14th day of October.

ATTORNEYS FOR PLAINTIFF:

By: *s/Thomas J Lyons Jr*
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
Carter B. Lyons, Esq.
Attorney I.D. #: 0403655
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

ATTORNEYS FOR DEFENDANT MAXIMUS EDUCATION, LLC D/B/A AIDVANTAGE:

By: *s/Natalia S. Kruse*
Natalia S. Kruse, 0504307
HUSCH BLACKWELL LLP
80 South Eight Street, Suite 2800
Minneapolis, MN 55402
612.852.2700
612.852.2701 (fax)
Natalia.Kruse@huschblackwell.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, NATIONAL ASSOCIATION D/B/A WELLS FARGO EDUCATION FINANCIAL SERVICES:

By: *s/Addison J Morgan*

Addison J. Morgan, ID #0401873
TROUTMAN PEPPER HAMILTON SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: (404) 885-3000
Facsimile: (404) 885-3900
E-mail: addison.morgan@troutman.com

ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A:

By: *s/Adam G. Chandler*
Daniel N. Moak (#347474)
Adam G. Chandler (#397408)
TAFT STETTINIUS & HOLLISTER, LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2157
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
DMoak@taftlaw.com
AChandler@taftlaw.com

ATTORNEYS FOR DEFENDANT SPRING OAKS CAPITAL LLC:

By: */s/Trevor S. Johnson*
John K. Rossman, MN #0244831
Benjamin J. Kirk, MN #0393192
Trevor S. Johnson, MN #0400849
ROSSMAN ATTORNEY GROUP, PLLC
P.O. Box 24140
Edina, MN 55424
Telephone: (612) 439-5551
John.rossman@rossmanattorneygroup.com
Benjamin.kirk@rossmanattorneygroup.com
Trevor.johnson@rossmanattorneygroup.com

9